UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| EXPRESS SCRIPTS, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:19-cv-00007-SKL |
| | ) | |
| WILLIAM R. KINCAID, M.D., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is a motion in limine [Doc. 100] filed by Plaintiffs Express Scripts, Inc., and Priority Healthcare Distribution, Inc. The only remaining Defendant, William Kincaid, M.D., did not file a response, and the time for doing so has passed [*see* Doc. 38 at Page ID # 152]. Defendant's failure to file a response is deemed a waiver of any objection he may have to the relief sought in the motion. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Recently, the Court ruled on Defendants' motions for summary judgment [Doc. 98]. As part of the ruling, the Court held a certain accounting report relied on by Plaintiffs appeared to be hearsay and therefore should not be considered on summary judgment. In the instant motion in limine, Plaintiffs ask "that the Court not preclude, on the basis of its Order on summary judgment, Plaintiffs from seeking to authenticate and admit at trial the Accountants Compilation Report previously submitted" [Doc. 100 at Page ID # 1067].

The Court previously noted the report, which was made an exhibit to Plaintiffs' response to the motions for summary judgment, had a cover letter dated in 2019, and there was no proof in the record that the report was "a regularly kept record of McLeod, which closed in 2012, even if the report is likely based on such records." [Doc. 98 at Page ID # 1051]. The Court further noted "it is unclear who sat on the board of directors in 2019," to whom the report is addressed, "and there is nothing else to indicate it could qualify an admission by a party opponent. It is clearly being offered for the truth of the matter asserted. Accordingly, the Court agrees with [moving Defendant] that the report is hearsay and therefore should not be considered on summary judgment based on the current record." [*Id*.]. However, the Court further held that Defendants did not deny they received substantial compensation and that other factors led the Court to conclude the circumstances would seem implicate at least one of the *Allen* factors,[1] the diversion of corporate assets, even without the accounting report [*id*.]. In other words, the record concerning the report's admissibility (or lack thereof) had little to no bearing on the pertinent summary judgment issues.

In the motion in limine, Plaintiffs now argue that because the issue of hearsay was raised only in reply, they did not have an opportunity to address authenticity and admissibility of the document and they want to be sure they are not foreclosed from doing so at trial. Plaintiffs represent they intend to prove at trial that the document is a contemporaneous business record of McLeod Cancer Center that is admissible and that "the date on the face of the document is an auto-date generated at the time of collection for this lawsuit by a third party and not at the time of creation of the document." [Doc. 100 at Page ID # 1067]. Whether Plaintiff should have provided such information at the time they attempted to rely on the report in response to the summary

---

[1] The Court referred to the factors for piercing the corporate veil, set forth in *FDIC v. Allen*, 584 F. Supp. 386, 397 (E.D. Tenn. 1984).

judgment motions is not at issue because Plaintiffs expressly do not seek any reconsideration of the Court's summary judgment ruling or its consideration of the report in connection with that ruling [*id.*].

As Plaintiffs correctly note in their motion in limine, the Court's previous determination that the accounting report is hearsay was limited to the record created with respect to the summary judgment ruling. Plaintiffs will not be prohibited from attempting to admit the accounting report as evidence at trial. Likewise, Defendant Kincaid will not be prohibited from objecting on hearsay or any other grounds if and when Plaintiffs attempt to admit the report.

Accordingly, the motion in limine [Doc. 100] is therefore terminated as **MOOT**.

SO ORDERED.

ENTER:

                                                    s/ *Susan K. Lee*
                                                    SUSAN K. LEE
                                                    UNITED STATES MAGISTRATE JUDGE